■ PATTERSON MATERIALS CORPORATION, Respondent, v TOWN OF PAWLING et al., Appellants. [634 NYS2d 709] —In an action for a judgment, inter alia, declaring Local Laws, 1993, Nos. 1, 2, 3, and 4 of the Town of Pawling to be null, void, illegal, and unconstitutional, the defendants appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 23, 1994, which denied their motion to dismiss the fourth, fifth, sixth, and seventh causes of action in the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, Patterson Materials Corporation, alleges in its complaint that it operates a surface mine and hard rock quarry in the Towns of Patterson and Pawling. In furtherance of its business, the plaintiff owns a 38-acre parcel in the Town of Patterson and has an ownership interest in an adjacent tract of land of approximately 370 acres in the Town of Pawling. The plaintiff has asserted that these parcels constitute a "mining site" which contains a "high quality aggregate resources of sufficient quantity to warrant mining". Apparently, mining has not yet commenced on the 370-acre site.

At its March 9, 1993, meeting, the defendants, in their collective capacity as the members of the Town Board of the Town of Pawling, enacted four local laws. The first of these, Local Laws, 1993, No. 1 of the Town of Pawling, amended Chapter 50-7 of the Zoning Code of the Town of Pawling to remove quarrying and mining from the list of permitted uses in Pawling's residential districts (see, Local Laws, 1993, No. 1 of Town of Pawling). The second of these, Local Laws, 1993, No. 2, imposed various regulations upon the harvesting of timber within the Town. The remaining two local laws restricted various construction-related activities occurring on steep slopes, wetlands, and other environmentally sensitive areas within the Town (see, Local Laws, 1993, Nos. 3 & 4 of Town of Pawling).

Prior to the passage of these four local laws, the Town Board issued a negative declaration to the effect that an environmental impact statement was not required in connection with the proposed local laws pursuant to State Environmental Quality Review Act (SEQRA).

The plaintiff subsequently commenced this declaratory judgment action, seeking to invalidate the four local laws. Seven causes of action are asserted in the complaint. Of these, the fourth through the seventh causes of action allege various procedural and substantive violations of SEQRA. These violations include the defendants' purported failure to take a "hard look" at the environmental consequences of the local laws prior to their issuance of the negative declaration.

The defendants moved to dismiss the fourth through seventh causes of action, asserting that the plaintiff, having failed to allege any environmental harm in its complaint, does not have standing, under SEQRA, to challenge the local laws. The Supreme Court denied the motion. We affirm. The plaintiff is a land owner whose right to utilize its property in furtherance of its business has potentially been adversely affected by the enactment of the local laws. As such, the plaintiff has a legally cognizable interest in being assured that the defendants satisfied SEQRA and need not allege a specific environmental harm to be entitled to standing to raise a SEQRA challenge (see, Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529; Matter of Stephens v Gordon, 202 AD2d 437; see also, Matter of Gernatt Asphalt Prods. v Town of Sardina, 208 AD2d 139, 149; cf., Society of Plastics Indus. v County of Suffolk, 77 NY2d 761). Bracken, J. P., Miller, Altman and Florio, JJ., concur.