■ In the Matter of MARIO ALVAREZ, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [657 NYS2d 541] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge the administrative determination which found him guilty of participating in actions detrimental to the order of the facility, refusing a direct order and failing to follow directions relating to movement within the facility. The incident which precipitated the charges occurred on October 21, 1994 when petitioner and his "company", while in line to be escorted from the mess hall, were ordered by a correction officer to "take it down to the school gate". Petitioner and other members of his company failed to immediately follow this order after one inmate at the head of the line stated to the correction officer that "[w]e are not moving until he goes first", "he" being another inmate who was then under escort for allegedly assaulting staff. Petitioner now seeks to annul the determination based on various procedural errors and for lack of substantial evidence. Because the issues raised lack merit, we confirm.

Initially, we note that the misbehavior report was sufficiently detailed so as to furnish notice of the charges being lodged against petitioner and permit him to make an effective

response (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123; 7 NYCRR 251-3.1). The report adequately described the particulars of the incident and specifically identified petitioner as one of the inmates who had failed to move from the mess hall despite having been ordered to do so (*cf., Matter of Bryant v Coughlin*, 77 NY2d 642, 649).

Contrary to petitioner's claim, the violations charged in the misbehavior report were not duplicative. Though spawned by the same incident, each rule violation involved different elements and required proof of facts not essential to establish the other violations (*see, Blockburger v United States*, 284 US 299, 304).

Further, the determination was supported by substantial evidence. The written misbehavior report, which was authored by the correction officer who ordered petitioner and his company to "take it down to the school gate" and who observed the company, including petitioner, refuse to comply, combined with petitioner's admission that he did not move around the stalled inmates despite the correction officer's order, provided ample support for the finding of guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Tavarez v Goord*, 237 AD2d 837, 838). Petitioner's explanation for his inaction merely presented a credibility issue which the Hearing Officer was free to resolve against him (*see, Matter of Islar v Coombe*, 226 AD2d 851; *Matter of Dotson v Coughlin*, 191 AD2d 912, 913, *lv denied* 82 NY2d 651).

Given the circumstances presented, we do not find that Supreme Court acted improvidently in allowing respondents to file and serve an untimely answer (*see, Matter of Marseilles Leasing Co. v New York State Div. of Hous. & Community Renewal*, 140 AD2d 345, 346) and we therefore reject petitioner's contention that a default judgment was warranted (*see, CPLR 7804 [e]*). Petitioner's remaining contentions, including his claim that the Hearing Officer was biased, have been examined and found to be baseless.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.