■ In the Matter of WILLIE J. LONDON, Petitioner, v DAVID MILLER, as Superintendent of Eastern New York Correctional Facility, et al., Respondents. [674 NYS2d 510] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge the administrative determination find-

ing him guilty of failing to follow a rule requiring compliance with directions relating to movement within the facility. The incident which precipitated the charge occurred on November 30, 1996, when petitioner and the other members of "20 company" were ordered to leave the mess hall after they finished breakfast. According to the misbehavior report, one inmate complied with the direction while the rest of the company sat at the table "and whispered to each other". It was not until after the order was repeated two more times that the remainder of "20 company" left the mess hall "[w]ith deliberate slowness". Although petitioner was found not guilty of charges that he refused to obey a direct order and committed acts that lead to sit-ins, he now seeks to annul the determination of guilt as to the movement violation based upon, *inter alia*, his claim that the determination lacked substantial evidence.

We confirm. Contrary to petitioner's argument, we find that the misbehavior report adequately described the particulars of the incident and specifically identified petitioner as one of the 12 inmates of "20 company" (who were all named in an attached list) who failed to move from the mess hall despite being ordered to do so (*see, Matter of Alvarez v Coombe*, 239 AD2d 810, 811; *cf., Matter of Bryant v Coughlin*, 77 NY2d 642, 649). Significantly, petitioner's own testimony established that he was present in the mess hall that day and that he was not the inmate that the report specifically states complied with the order. Petitioner's explanation for his inaction, namely that he did not hear the first order and was later prevented from complying, merely presented a credibility issue which the Hearing Officer was free to resolve against him (*see, Matter of Alvarez v Coombe, supra*). Regarding the claim of being unable to hear the order, we also note that petitioner failed to offer or request medical records to substantiate this defense (*see, Matter of Ragland v Great Meadow Correctional Facility*, 245 AD2d 612).

The remaining arguments raised by petitioner have been examined and found to be unpersuasive.

Cardona, P. J., Mercure, Crew III and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.