■ In the Matter of DAVID GALLAHAN, Appellant, v PLANNING BOARD OF THE CITY OF ITHACA et al., Respondents. [762 NYS2d 850] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered December 9, 2002 in Tompkins County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.

The issue before the Court is whether petitioner has standing to challenge the site plan approval by respondent Planning Board of the City of Ithaca (hereinafter the Board) of a project by respondent Benderson Development Company to construct an approximately 430,000 square foot shopping center on a former landfill in the City of Ithaca, Tompkins County. In June 2002, Benderson submitted to the Board a site plan review and long environmental assessment form regarding the proposed project. The project ostensibly fell within the terms of the generic environmental impact statement that had been adopted by the City of Ithaca Common Council regarding the relevant area of the city. The Board conducted a review under the State Environmental Quality Review Act (ECL art 8), issued a negative declaration and, in September 2002, granted site plan approval. Thereafter, petitioner, a resident of the City of Ithaca, commenced this combined CPLR article 78 proceeding

and declaratory judgment action challenging the Board's determination. Respondents' motions to dismiss for lack of standing was granted by Supreme Court. Petitioner appeals.

While standing principles are broadly construed in matters involving zoning and land use development (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]), it nevertheless remains incumbent upon the party challenging such an administrative determination to "show that it would suffer direct harm, injury that is in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]; *see Matter of O'Donnell v Town of Schoharie*, 291 AD2d 739, 740 [2002]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 760 [2002]). Here, the direct distance between petitioner's home and the entrance to the project is a little more than 700 feet. The closest building at the project would be an additional distance of approximately 300 feet from petitioner and, moreover, given the configuration of the streets in the area, the driving distance from petitioner's residence to the project is about half a mile. Located between petitioner and the proposed project are existing commercial buildings, a five-lane highway, a residential street, numerous houses, a drainage area and a wooded area. Many of petitioner's allegations regarding the project relate to indirect effects upon "traffic patterns, noise levels, air quality and aesthetics throughout a wide area," which generally are insufficient to establish standing (*Society of Plastics Indus. v County of Suffolk, supra* at 775). Although petitioner apparently can see part of the project since his home is located on a hill, a view of an abandoned landfill can hardly be characterized as the type of "scenic view" that may be a relevant factor in establishing standing (*see Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908-909 [2002], *lv denied* 98 NY2d 609 [2002]; *Matter of Steele v Town of Salem Planning Bd.*, 200 AD2d 870, 872 [1994], *lv denied* 83 NY2d 757 [1994]). We agree with Supreme Court that petitioner failed to establish injury different from the public at large and, therefore, the matter was properly dismissed based upon a lack of standing.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.