■ JULIETTE A. GUASCONI, Appellant, v THOMAS L. POHL et al., Respondents. (Action No. 1.) [770 NYS2d 203]—

Peters, J. Appeal from an order of the Supreme Court (Lamont, J.), entered May 23, 2003 in Albany County, which granted defendants' motion for consolidation.

On October 27, 1999, plaintiff Juliette A. Guasconi was the passenger in a vehicle driven by plaintiff Maureen C. Del Giacco when it was involved in an accident with a vehicle driven by defendant Thomas L. Pohl. Thereafter, on September 9, 2000, plaintiffs were involved in another motor vehicle accident with a vehicle owned by defendant Michael W. Mullen and driven by defendant Christopher J. Mullen. In March 2001, Guasconi commenced a negligence action (hereinafter action No. 1) against Pohl and the Mullens for personal injuries that she allegedly sustained in the two accidents.* Del Giacco commenced a similar action (hereinafter action No. 2) against Pohl and the Mullens in February 2002. Following joinder of issue, Guasconi moved in action No. 1 for partial summary judgment on the is-

* Guasconi later amended her complaint to include Bethlehem Ice Group, LLC, doing business as B.I.G. Arena, as a defendant, alleging that it was vicariously liable for the alleged negligence of its employee, Christopher Mullen.

sue of liability, but later withdrew the motion after defendants admitted to causing the accidents. Following the completion of discovery in action No. 1, defendants moved to consolidate both actions for trial. Supreme Court granted the motion, with the reservation that it would revisit the issue if discovery in action No. 2 were not complete before the trial date. Guasconi appeals.

Pursuant to CPLR 602 (a), a court is vested with the discretion to consolidate actions for trial where they involve common questions of law or fact provided the party opposing consolidation has not demonstrated prejudice to a substantial right (*see Fashion Tanning Co. v D'Errico & Farhart Agency,* 105 AD2d 1034, 1035 [1984]; *Cushing v Cushing,* 85 AD2d 809, 809 [1981]). Notably, " 'consolidation is favored by the courts as serving the interests of justice and judicial economy' " (*Fransen v Maniscalco,* 256 AD2d 305, 306 [1998], quoting *Zupich v Flushing Hosp. & Med. Ctr.,* 156 AD2d 677, 677 [1989]).

Under the circumstances presented here, we find that Supreme Court did not abuse its discretion by consolidating the two actions. The actions share common issues concerning both the cause and severity of plaintiffs' injuries, and the amount of their damages. Because plaintiffs lived together and were involved in both accidents, their testimony is germane to the issues common to each case. In addition, two individuals who witnessed one of the accidents will likely be called to testify in each case and, because, plaintiffs sought medical treatment from some of the same health care providers, their testimony is also relevant to each case; the fact that each plaintiff has a unique medical history and employment situation does not warrant trying the actions separately. Furthermore, consolidation will not necessarily result in undue delay of the trial given Supreme Court's reservation that it will revisit the consolidation issue if discovery in action No. 2 is not timely completed.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.