◼ In the Matter of JOHN J. EMMETT, JR. et al., Respondents, v TOWN OF EDMESTON, Respondent, and DARRYL BARTON et al., Appellants. [771 NYS2d 568]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered August 19, 2002 in Otsego County, which, in a proceeding pursuant to CPLR article 78, denied a motion by respondents Darryl Barton and Kim Barton to dismiss the petition.

A zoning ordinance enacted by respondent Town of Edmeston, Otsego County, prohibits the installation of mobile homes on property located in its "R-HD Residential Hamlet District." Respondents Darryl Barton and Kim Barton (hereinafter collectively referred to as respondents), owners of real property in that district, applied for a land use variance to install a mobile home. The Town's Zoning Board of Appeals (hereinafter ZBA) granted the variance. Petitioners, the owners of property neighboring the parcel owned by respondents, commenced this CPLR article 78 proceeding against the Town and respondents challenging the variance claiming that the presence of mobile homes would depreciate property values. The Town did not answer the petition. In their motion to dismiss, pursuant to CPLR 7804 (f), respondents raised the objections that, inter alia, petitioners lacked standing to challenge the variance and the petition should be dismissed due to petitioners' failure to name the ZBA as a necessary party. In response, petitioners, inter alia, urged denial of the motion or, alternatively, permission to amend their complaint to include the ZBA as a party. Supreme Court denied respondents' motion, prompting this appeal.

Initially, we find that Supreme Court was correct in finding that petitioners have standing to challenge the issuance of the variance. Notably, "standing principles are broadly construed in matters involving zoning [litigation]" (*Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684, 685 [2003], *lv denied* 1 NY3d 501 [2003]; *see Matter of Sun-Brite Car Wash v*

*Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]). However, it is also true that a party challenging a zoning determination where a land use has been changed must still establish standing by showing that they are aggrieved in a way different from the public at large. That may be presumptively established by a showing of close proximity to the subject property (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 413; *Matter of O'Donnell v Town of Schoharie*, 291 AD2d 739, 740 [2002]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 762 [2000]).

Here, respondents allege that petitioners have failed to establish by competent proof that their property is located in the immediate vicinity of respondents' land (*see Matter of Piela v Van Voris*, 229 AD2d 94 [1997]). While the language in the petition is not expansive, the map and other information in the record adequately establish that petitioners live on the same street as the subject property, with the closest living two houses down and across the street and the farthest a block away. Since the information provided was sufficient for Supreme Court to determine the actual location of petitioners' properties in relation to that of respondents (*see id.* at 96), we find no reason to disturb the court's ruling as to standing.

However, with respect to respondents' claim that petitioners failed to name a necessary party, we come to a different conclusion. It is undisputed that the actual basis of petitioners' claim is their challenge to the ZBA's issuance of the variance, an action that only the ZBA, not the Town, is empowered to perform. It is well established that "a court may not adjudicate a dispute raised in a CPLR article 78 proceeding unless the governmental agency which performed the challenged action is a party thereto" (*Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 830 [1999], *lv denied* 93 NY2d 812 [1999]; *see Matter of Commco, Inc. v Amelkin*, 62 NY2d 260, 265 [1984]; *Matter of Cuyle v Town Bd. of Town of Oxford*, 301 AD2d 838, 840 [2003], *lv denied* 100 NY2d 501 [2003]). Accordingly, the ZBA was a necessary party to this proceeding (*see Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597 [1989]; *Phillips v Village of Oriskany*, 57 AD2d 110 [1977]; *cf. Matter of McNeill v Town Bd. of Town of Ithaca, supra*; *Matter of Watt v Town of Gaines*, 140 AD2d 947 [1988], *lv dismissed and denied* 72 NY2d 1040 [1988]; *see generally Matter of Commco, Inc. v Amelkin, supra*).

Furthermore, we are unpersuaded by petitioners' invocation of the "relation back" doctrine (*see* CPLR 203 [b]) as a means

of avoiding dismissal for failure to join a necessary party. Any claim that the Town and the ZBA are "united in interest" is defeated by the difference in powers and functions of the two (*see Matter of Commco, Inc. v Amelkin, supra*), as well as the documentary evidence submitted herein. Specifically, petitioners' proof confirms that the Town enacted a zoning ordinance forbidding mobile homes in the subject district (the exact requirement that *petitioners* seek to enforce) and only the ZBA was empowered to issue a variance therefrom. Significantly, the relation back test requires, among other things, proof that " 'both *claims* arose out of the same conduct, transaction or occurrence' " (*L & L Plumbing & Heating v DePalo*, 253 AD2d 517, 517 [1998], quoting *Mondello v New York Blood Ctr.— Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992] [emphasis added]) and, here, petitioner had no claim against the Town at all. Moreover, the Town and the ZBA cannot be considered to be united in interest since they do not stand or fall together and a judgment concerning the variance will not similarly affect both entities (*see L & L Plumbing & Heating v DePalo, supra* at 518). Thus, we cannot assume that the Town and the ZBA had the same interest in defending the variance (*see Matter of Chalian v Malone*, 307 AD2d 619, 621 [2003]) and any claim of identical interests is further undermined by the Town's default in this proceeding. Since the statute of limitations has already run, the ZBA cannot be joined as a party (*see Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763 [2000], *supra*) and this proceeding must be dismissed.

Consideration of the remaining arguments raised by the parties has been rendered unnecessary due to resolution of the foregoing issues.

Spain and Kane, JJ., concur.

Carpinello, J. (concurring in part, dissenting in part). We cannot agree with the majority's conclusion that respondent Town of Edmeston and the Town's Zoning Board of Appeals (hereinafter ZBA) are not sufficiently "united in interest" to justify application of the relation back doctrine (*see* CPLR 203 [b]), thereby deeming the proceedings to be timely commenced against the ZBA. This is *not* the typical land use case in which the municipality is named as a party, but the affected property owner is not (*see e.g. Matter of Chalian v Malone*, 307 AD2d 619, 621 [2003]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763-764 [2000]; *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 884 [1996]). In such instances, the lack of the requisite unity of interest is apparent. Here, however, both the municipality and the potentially impacted property

owners were named, served and notified of the pendency of the proceeding.

As to the issue of unity of interest between the Town and the ZBA, the Court of Appeals has reaffirmed that "the 'linchpin' of the relation back doctrine" is notice to the unnamed respondent within the applicable limitations period (*Buran v Coupal*, 87 NY2d 173, 180 [1995], quoting *Schiavone v Fortune*, 477 US 21, 31 [1986]). The text of the brief notice of petition and petition at issue specifically references the ZBA no less than *21 times* (exclusive of additional unambiguous references to the "Board" and the "Zoning Board"). Thus, when the pleadings were served on the Town Clerk, the person authorized to receive service on behalf of the ZBA (*see* CPLR 312), there could have been no confusion whatsoever as to the entity whose decision was being challenged. While there may indeed be circumstances where the interest of the Town and the ZBA are not united (*see e.g. Matter of Commco, Inc. v Amelkin*, 62 NY2d 260 [1984]), the instant record is simply insufficient to make that determination as a matter of law; nor do we view the Town's default in these proceedings as indicative of any disunity. Preferring that the matter be resolved·on the merits, we would affirm.

Peters, J., concurs. Ordered that the judgment is reversed, on the law, without costs, motion granted and petition dismissed.