In the Matter of CENTER SQUARE ASSOCIATION, INC., et al., Appellants, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. [780 NYS2d 203]—

Kane, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered May 15, 2003 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.

In 2001, respondent McLaughlin Limited Partnership (hereinafter the partnership) purchased properties at 57 Dove Street and 329 State Street in the City of Albany. Those properties are located in an area of the city zoned for one- and two-family row houses. Respondent W.F. McLaughlin & Company, Inc. (hereinafter McLaughlin) sought a use variance for 57 Dove Street to allow three apartments. After a hearing, respondent City of Albany Board of Zoning Appeals (hereinafter the Board) approved McLaughlin's application. A CPLR article 78 proceeding challenging that decision resulted in Supreme Court remitting the matter to the Board to consider whether McLaughlin's hardship in requesting the variance was self-created, as well as to address the need for a parking variance. On remittal, the Board found that the hardship was not self-created and approved both the use and parking variances.

In 2002, the partnership applied for a use variance for 329 State Street to allow 13 apartments. After a hearing, the Board approved the partnership's application. Petitioners thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging both approvals. Following respondents' separate preanswer motions to dismiss, each alleging that petitioners lacked standing, Supreme Court dismissed the petition. Petitioners appeal.

Supreme Court erred in finding that petitioner Center Square Association, Inc. (hereinafter the Association) lacked standing

to challenge the issuance of the two variances.* To establish standing, a petitioner must show injury-in-fact, and such injury must fall within the zone of interests to be protected by the statutes or ordinances at issue (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412 [1987]). "While standing principles are broadly construed in matters involving zoning and land use development, it nevertheless remains incumbent upon the party challenging such an administrative determination to 'show that it would suffer direct harm, injury that is in some way different from that of the public at large' " (*Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684, 685 [2003], *lv denied* 1 NY3d 501 [2003] [citations omitted], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). That harm "may be presumptively established by a showing of close proximity to the subject property" (*Matter of Emmett v Town of Edmeston*, 3 AD3d 816, 818 [2004]; *see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 413-414). It is necessary to determine, however, "whether the neighbor is close enough to suffer some harm other than that experienced by the public generally" (*Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 761 [2002]; *see Matter of Gallahan v Planning Bd. of City of Ithaca, supra* at 685). Here, the Association has members that own property abutting or within several homes of the properties at issue, close enough to establish standing without allegations of individual harm. Additionally, the fact that the Association's members were entitled to receive mandatory notice of the Board's proceedings regarding the subject properties also gives rise to a presumption of injury for standing in this zoning matter (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 413-414).

Even if close proximity by itself did not obviate the necessity of showing individual harm, we find that the Association has demonstrated injury-in-fact. Unlike those cases where increased traffic posed a generalized problem to the public over a wide area (*see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 616 [1998], *lv denied* 93 NY2d 803 [1999]; *Matter of Rosch v Town of Milton Zoning Bd. of Appeals*, 142 AD2d 765, 766, 767 [1988]; *cf. Matter of Gallahan v Planning*

---

* As petitioners' brief solely challenges Supreme Court's determination that the Association lacked standing, we deem any issue regarding petitioner Harold Rubin's standing to be abandoned (*see Matter of Leach*, 3 AD3d 763, 764 n [2004]).

*Bd. of City of Ithaca, supra* at 685), we view the parking conges-tion here as a legally recognizable injury to the residents of this already congested neighborhood given the close proximity be-tween some members' homes and the two properties at issue and the circumstances that the members and tenants in the renovated buildings must all compete for limited on-street park-ing.

The Association's alleged injuries fall within the zone of interests to be protected by the Albany zoning ordinances. The Association is mainly concerned with the effect more residents will have on parking congestion. In addition, an Association member who lives near one of the properties expressed concern that the increased density on her block will reduce the value of her property (*see Matter of Sun-Brite Car Wash v Board of Zon-ing & Appeals of Town of N. Hempstead, supra* at 415). These concerns fall within the zone of interests protected by zoning laws (*see Matter of McGrath v Town Bd. of Town of N. Green-bush, supra* at 616), including the Albany zoning laws here, which specifically address parking and density. For these reasons, at least some of the Association's members have stand-ing to sue. Noting that the Association's mission is to protect the quality of life in the neighborhood, and seeing no need for individual members to participate in this proceeding, we conclude that the Association has standing to challenge the Board decisions at issue (*see New York State Assn. of Nurse Anesthetists v Novello, supra* at 211).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' mo-tions to dismiss the claims of petitioner Center Square Associa-tion, Inc.; motions denied to that extent; and, as so modified, af-firmed.