■ In the Matter of 10 EAST REALTY, LLC, et al., Appellants, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Respondents. [793 NYS2d 122]—

In a proceeding pursuant to CPLR article 78, inter alia, to vacate a determination of the respondent Incorporated Village of Valley Stream dated February 3, 2003, authorizing the respondent Incorporated Village of Valley Stream to lease a municipal parking lot to the respondent 1 E. Lincoln Realty Corp., the petitioners appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated October 14, 2003, as granted those branches of the motion of the respondent 1 E. Lincoln Realty Corp. and those branches of the separate motion of the respondents Incorporated Village of Valley Stream, Edward Cahill, Guido Cirenza, Richard Coffman, Joanne Antun, Joseph Zabatta, and Vincent Ang which were to dismiss paragraphs 27, 37, 38, 39, 40, 41, 42, 43, 47, 48, and 51 of the petition, and (2) stated portions of an order and judgment (one paper) of the same court dated January 29, 2004, which, in effect, granted those branches of the motion of the respondent 1 E. Lincoln Realty Corp. and those branches of the separate motion of the respondents Incorporated Village of Valley Stream, Edward Cahill, Guido Cirenza, Richard Coffman, Joanne Antun, Joseph Zabatta, and Vincent Ang which were to dismiss paragraphs 1-26, 28-36, 44-46, and 53 of the petition, denied the petition, and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is modified by deleting the provision thereof granting those branches of the respondents' motions which were to dismiss paragraphs 1 through 43, 48, 51, and 53 of the petition, and substituting therefor a provision denying those branches of the motions; as so modified, the order and judgment is affirmed insofar as appealed from, and paragraphs 1 through 43, 48, 51, and 53 of the petition are reinstated and severed; and it is further,

Ordered that the respondents' time to serve an answer to the petition is extended until 15 days after service upon them of a copy of this decision and order; and it is further,

Ordered that the petitioners are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from a nonfinal order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b]; *Matter of Cohen v State of New York,* 2 AD3d 522 [2003]), and, in any event, any right of appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

Where a municipality holds property for public use, it may not devote that property "even temporarily" to a private use without specific authorization from the State Legislature (*People ex rel. Swan v Doxsee,* 136 App Div 400, 403 [1910], *affd* 198 NY 605 [1910]). This public trust doctrine may restrain the respondent Incorporated Village of Valley Stream (hereinafter the Village) from leasing the municipal parking lot at issue to the respondent 1 E. Lincoln Realty Corp. (hereinafter Lincoln Realty) to the same extent, if any, that it may restrain the Village from selling the property to Lincoln Realty (*see Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48 [1972]; *Kenny v Board of Trustees of Inc. Vil. of Garden City,* 289 AD2d 534 [2001]; *People ex rel. Swan v Doxsee, supra; see also Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 17 AD3d 472 [2005] [decided herewith]).

The petition alleges that the parking lot is held by the Village for public use, that the Village did not seek the State Legislature's approval of the lease, and that Lincoln Realty, a private corporation, was leasing the parking lot for its "private use." Thus, considering the petition alone, deeming all of its allegations to be true, and according the petitioners the benefit of every inference, "the allegations asserted in the petition demonstrate the existence of a bona fide justiciable controversy which should be addressed" (*Matter of Zaidins v Hashmall,* 288 AD2d 316, 317 [2001]; *see Matter of Hutt v Retirement Bd.,* 299 AD2d 679, 680 [2002]; *Matter of Cutcher v Nyquist,* 39 AD2d 810 [1972]). Accordingly, the respondents' pre-answer motions to dismiss the petition for failure to state a cause of action should have been denied to the extent they sought dismissal of paragraphs 1 through 43, 48, 51, and 53 of the petition.

The appellants' remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.