■ In the Matter of NEW YORK PROPANE GAS ASSOCIATION, Appellant, v NEW YORK STATE DEPARTMENT OF STATE, Respondent. [793 NYS2d 601]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered January 21, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner is a trade organization composed of over 250 corporate members that are engaged in the storage, delivery and handling of liquefied petroleum gas (hereinafter LPG). In this special proceeding, the petition asserts several challenges to those parts of an updated uniform fire prevention and building code (hereinafter UFC) adopted by respondent that restrict the indoor use and storage of propane and other LPGs. Finding that petitioner failed to demonstrate that it or any of its individual members stated an injury-in-fact, or that any such injury would be within the zone of interests sought to be protected by

the statute pursuant to which respondent acted, Supreme Court held that petitioner lacked associational standing to challenge the adoption of the UFC and dismissed the petition. Petitioner appeals, and we affirm, albeit upon slightly different reasoning.

The rules of associational or organizational standing are firmly established: the group "must show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004], citing *Rudder v Pataki*, 93 NY2d 273 [1999]; *Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333-334 [1984]; *Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9 [1975]; *see also Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]). To establish the first requirement of associational standing, the group must show both an "injury-in-fact" to one of its members and that the injury asserted falls "within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*New York State Assn. of Nurse Anesthetists v Novello, supra* at 211, citing *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]; *Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 409-410 [2000]).

While the individual's asserted injury may not be speculative (*see New York State Assn. of Nurse Anesthetists v Novello, supra* at 213; *Matter of Energy Assn. of N.Y. State v Public Serv. Commn. of State of N.Y.*, 273 AD2d 708, 711 [2000], *lv denied* 95 NY2d 765 [2000]; *Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145, 156 [2000]; *Matter of Town of E. Hampton v State of New York*, 263 AD2d 94, 96 [1999]) and it "must be more than conjectural" (*New York State Assn. of Nurse Anesthetists v Novello, supra* at 211), it need not be stated with specific quantification (*see e.g. Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, supra* at 653). Indeed, in cases such as this, where parties seeking to challenge administrative rulemaking are subject to the relatively short statute of limitations set forth in CPLR 217, the precise particulars of the asserted injury may not be ascertainable within the time restraint of the statute of limitations. Moreover, where, as here, the respondent seeks dismissal of the petition upon an objection in point of law asserted in the answer, all of the allegations in the petition are deemed to be true, and the facts set forth in the petition must be viewed in a light most favorable to the petitioner (*see Matter of Town of Coeymans v*

*City of Albany,* 284 AD2d 830, 833 [2001], *lv denied* 97 NY2d 602 [2001]; *Matter of Parisella v Town of Fishkill,* 209 AD2d 850, 851 [1994]).

The petition alleges that petitioner's members are "engaged in the storage, delivery, and handling of LPG" and that they previously had the ability to store, deliver and handle LPG in enclosed and partially enclosed buildings. The petition further alleges that the UFC causes petitioner's members to be "severely constrained in terms of the delivery, storage and management of their product." Injury to an individual member is alleged in an affidavit of the president of one of petitioner's members, Starlight Propane Gas Corporation, who unequivocally states that the UFC creates a "significant limitation" on a traditional use of LPG that constitutes a large part of Starlight's propane sales and deliveries. These are allegations of a cognizable harm—that respondent's determination will limit an individual member of petitioner from engaging in a previously unrestricted activity—providing a basis upon which to find an injury-in-fact.

Nevertheless, petitioner's claim of standing fails because Starlight's injury does not fall within the zone of interests sought to be promoted or protected by Executive Law article 18, known as the New York State Uniform Fire Prevention and Building Code Act (*see* Executive Law § 370 *et seq.*). Executive Law § 377 authorized the initial formulation and promulgation of a uniform, statewide fire prevention and building code, the paramount purpose of which was to provide individuals with safe public and private buildings (*see generally* Executive Law § 371). Executive Law § 373-a later directed respondent to study and report on the New York State Uniform Fire Prevention and Building Code as compared to an international and a national code. The study was justified by concerns about the Code's nonuniformity and the fact that it was outdated, causing significant concern to fire safety officials and the construction industry (*see* Mem of Senate in Support, 1998 McKinney's Session Laws of NY, at 1603; *see generally* Bill Jacket, L 1998, ch 131). While the Code contains references to "costs" associated with a uniform code (*see* Executive Law § 377 [2] [c], [e]; § 373-a [2] [b] [v]), these references generally address matters related to construction costs (both increases and decreases) associated with compliance with a uniform code (*cf. Major v Waverly & Ogden,* 7 NY2d 332, 335 [1960]).

Similarly, Executive Law § 371, which sets forth the legislative findings and purposes related to the enactment of a uniform code, acknowledges increases in the costs of business incurred

due to the "multiple requirements, jurisdictional overlaps and business uncertainties" imposed by a multiplicity of pertinent codes (Executive Law § 371 [1] [e]). The statutory scheme is silent on economic costs that may be incurred by purveyors of flammable materials and, indeed, logic dictates that compliance with a fire prevention code would necessarily impose some economic harm on entities such as Starlight. The affidavit of Starlight's president asserts economic harm flowing from the fact that the new UFC will require it to bear the costs of adjusting its sales and delivery structure and retraining its employees, and Starlight further contends that the UFC places it at a competitive disadvantage because other gases are less stringently regulated than LPG under the UFC. It cannot be said that these economic injuries fall within the zone of interests sought to be promoted or protected by the UFC (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 777 [1991], *supra*; *compare Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 334 [1984], *supra* [Medicaid providers' economic injury fell within zone of interests of Medicaid reimbursement schedules]). Given petitioner's failure to establish that the injury asserted by its individual member falls within the zone of interests of Executive Law article 18, the petition was properly dismissed for lack of standing.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.