■ In the Matter of WILLIAM D. POWERS, Individually and as a Member of Coalition of Concerned Citizens of Chatham, Appellant, v JESSE DE GROODT, as Supervisor and Chair of the Town of Chatham Town Board, et al., Respondents. (Proceeding No. 1.) (And Two Other Related Proceedings.) [841 NYS2d 163]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Egan, Jr., J.), entered July 24, 2006 in Columbia County, which, in proceeding No. 1 pursuant to CPLR article 78, granted respondents' motion to dismiss the petition, and (2) from a judgment of said court, entered December 5, 2006, which, in proceeding Nos. 2 and 3 pursuant to CPLR article 78, inter alia, granted respondents' motion to dismiss the petitions.

The Tri-Village Fire Company, Inc. (hereinafter TVFC), a not-for-profit corporation, contracted to provide fire and emergency services to the residents of the Town of Chatham, Columbia County. In order to improve the delivery of these services, TVFC, in March 2006, entered into a contract to purchase a parcel of approximately five acres from the Old Chatham Tennis Club, LLC (hereinafter OCTC). The contract provided, among other things, that TVFC would act as the agent of OCTC for the purpose of obtaining all subdivision, zoning, land use or other permits required to erect the proposed firehouse on the parcel. Thereafter, TVFC sought subdivision approval from respondent Town of Chatham Planning Board (hereinafter Planning Board) and an area variance from respondent Town of Chatham Zoning Board of Appeals (hereinafter ZBA). In conjunction with the request for the area variance, the ZBA requested respondent Town of Chatham Town Board (hereinafter Town Board) to consider both granting immunity to TVFC from the land use regulations and designating the Planning Board as the lead agency for review pursuant to the State Environmental Quality Review Act (see ECL art 8) (hereinafter SEQRA).

Following the grant of immunity to TVFC, petitioner commenced proceeding No. 1 pursuant to CPLR article 78 on behalf of himself and a coalition of residents living in the vicinity chal-

lenging the Town Board's grant of immunity to TVFC. This was dismissed by Supreme Court upon finding that petitioner lacked the requisite standing to challenge the grant of immunity. Subsequently, notwithstanding the grant of immunity, TVFC successfully prosecuted its applications for subdivision approval and an area variance. Petitioner then commenced two additional CPLR article 78 proceedings, proceeding No. 2 to challenge the determination of the Planning Board granting the subdivision application and proceeding No. 3 to challenge the determination of the ZBA granting the area variance. Respondents moved to dismiss proceeding Nos. 2 and 3 based upon petitioner's lack of standing. Petitioner cross-moved in proceeding No. 2 for the entry of a default judgment since respondents were one day late in serving their answer. After consolidating the proceedings, Supreme Court denied petitioner's motion for the entry of a default judgment in proceeding No. 2 and dismissed both proceedings due to lack of standing. Petitioner has appealed from the dismissal of each proceeding.

We affirm. With respect to proceeding No. 1, although TVFC was granted immunity by the Town Board from all town land use regulations, TVFC refrained from employing this grant of immunity and continued to prosecute its applications for subdivision approval and an area variance. Thus, as the grant of immunity had no impact upon petitioner, the issue is a nonjusticiable controversy and any decision by this Court would be impermissibly advisory (*see Matter of Passaro v Lake George Park Commn.*, 288 AD2d 678, 679 [2001]; *Matter of Rubin v New York State Educ. Dept.*, 210 AD2d 550, 551 [1994]). Accordingly, the appeal in proceeding No. 1 is dismissed.

Supreme Court correctly denied petitioner's motion for the entry of a default judgment in proceeding No. 2. The failure of a body or officer to file and serve an answer in a CPLR article 78 proceeding does not mandate the entry of a default judgment, the court having discretion to direct either the entry of judgment or that an answer be filed (*see* CPLR 7804 [e]). To effectuate deciding such controversies on their merits, default judgments in administrative proceedings are not favored unless it appears that the failure to answer was intentional or that the administrative body or officer has no intention to contest the merits of the proceeding (*see Matter of Castell v City of Saratoga Springs*, 3 AD3d 774, 775-776 [2004]; *Matter of Alvarez v Coombe*, 239 AD2d 810, 811 [1997]). Here, respondents demonstrated their intention to defend on the merits by serving and filing an answer, albeit one day late. Thus, we conclude that Supreme Court providently exercised its discretion in allowing

the answer to stand and denying petitioner's application for the entry of a default judgment (*see Matter of Alvarez v Coombe, supra* at 811).

Next, petitioner's challenge to Supreme Court's consolidation of proceeding Nos. 2 and 3 is unpersuasive. Supreme Court has the discretionary power to consolidate proceedings that involve common questions of law or fact where such consolidation does not prejudice a substantial right (*see* CPLR 602 [a]; *Guasconi v Pohl*, 2 AD3d 1202, 1203 [2003]). Notably, petitioner demonstrates no actual prejudice and, although each proceeding may involve different issues of law, they arise from the same factual pattern. Thus, Supreme Court correctly exercised its discretion to consolidate the proceedings in the interest of judicial economy (*see Guasconi v Pohl, supra* at 1203; *Fransen v Maniscalco*, 256 AD2d 305, 306 [1998]).

Finally, subsequent to consolidation, Supreme Court, applying the doctrine of collateral estoppel, dismissed both proceedings on the basis that petitioner lacked standing. Petitioner challenged this determination arguing that the doctrine of collateral estoppel is not applicable and that Supreme Court misapplied the principles of standing. Application of the doctrine of collateral estoppel is limited to issues that have been clearly raised and specifically decided in a prior proceeding, here proceeding No. 1 (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Church v New York State Thruway Auth.*, 16 AD3d 808, 809-810 [2005]). Proceeding No. 1 does not present a justiciable controversy and cannot be used as a basis for employing the doctrine of collateral estoppel. Moreover, even if a justiciable controversy were involved, since the standing requirements differ depending upon the type of administrative determination at issue, a lack of standing in proceeding No. 1 does not necessarily result in a lack of standing in proceeding Nos. 2 and 3 (*see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 615-616 [1998], *lv denied* 93 NY2d 803 [1999]).

As a general proposition, " 'standing should be liberally constructed so that land use disputes are settled on their own merits rather than by preclusive, restrictive standing rules' " (*Matter of Town of Coeymans v City of Albany*, 284 AD2d 830, 833 [2001], *lv denied* 97 NY2d 602 [2001], quoting *Matter of Parisella v Town of Fishkill*, 209 AD2d 850, 851 [1994]). Thus, the allegations of a petition are deemed true and construed in the light most favorable to the petitioner to determine whether the petitioner has established standing through averments demonstrating an injury-in-fact which falls within the zone of interests that the relevant statutory provisions seek to protect

(*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]; *Matter of Town of Coeymans v City of Albany, supra* at 833). Injury-in-fact may arise from the existence of a presumption established by the allegations demonstrating close proximity to the subject property (*see Matter of Emmett v Town of Edmeston*, 3 AD3d 816, 818 [2004], *affd* 2 NY3d 817 [2004]) or, in the absence of such a presumption, the existence of an actual and specific injury (*see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 762 [2000]).

Here, since petitioner's property is approximately 4,700 feet removed from the property at issue, a presumption that petitioner has suffered an injury-in-fact does not arise (*see e.g. Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908-909 [2002], *lv denied* 98 NY2d 609 [2002]). Thus, petitioner's standing rests upon the demonstration of an actual and specific injury. In this regard, the petitions allege not only that the proposed construction would result in increased traffic flow resulting in traffic safety concerns, pollution to Kinderhook Creek and other elements of general environmental damage, but specifically, that petitioner's well water supply would be potentially contaminated, and wetlands and protected flora located on his property would be adversely impacted by escaping contaminants from the proposed firehouse property. We conclude, as did Supreme Court, that none of these allegations sufficiently establishes petitioner's standing. The majority of the environmental effects to which petitioner points as sustaining his standing are no different in kind or degree from that suffered by the general public in the vicinity of the proposed firehouse and do not confer standing (*see Matter of Many v Village of Sharon Springs Bd. of Trustees*, 218 AD2d 845, 845 [1995]). Moreover, the alleged environmentally related injuries to petitioner's property are far too speculative and conjectural to demonstrate an actual and specific injury-in-fact (*see Matter of New York Propane Gas Assn. v New York State Dept. of State*, 17 AD3d 915, 916 [2005]). Consequently, construing the allegations of the respective petitions in the light most favorable to petitioner, it is evident that petitioner has failed to factually demonstrate a specific, actual and concrete injury from which standing would flow. Finally, since the standing of the unincorporated association to which petitioner belongs hinges on petitioner's personal standing, the unincorporated association also lacks standing (*see id.* at 916).

Crew III, J.P., Peters and Lahtinen, JJ., concur. Ordered that

the appeal from the judgment entered July 24, 2006 is dismissed, without costs. Ordered that the judgment entered December 5, 2006 is affirmed, without costs.