■ In the Matter of Roy E. Bloodgood et al., Appellants, v Town of Huntington et al., Respondents. [871 NYS2d 644]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of Town of Huntington dated April 23, 2006, adopting a resolution enacting Local Law No. 14 (2006) of Town of Huntington (hereinafter Local Law No. 14-2006) and issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and action for a judgment declaring, among other things, that Local Law No. 14-2006 is null and void, the petitioners-plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered July 11, 2007, which, upon so much of an order of the same court dated April 30, 2007, as granted that branch of the motion of the respondents-defendants Town of Huntington, Town Board of Town of Huntington, and the Building Department of Town of Huntington which was pursuant to CPLR 3211 and 7804 (f) to dismiss the petition-complaint for lack of standing, is in favor of the respondents-defendants and against them dismissing the hybrid proceeding and action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the hybrid proceeding and action insofar as asserted by the petitioners-plaintiffs Alexander Fusaro, Robert Sarducci, and Dennis A. Garetano; as so modified, the judgment is affirmed, with one bill of costs to the petitioners-plaintiffs Alexander Fusaro, Robert Sarducci, and Dennis A. Garetano, that branch of the motion which was pursuant to CPLR 3211 and 7804 (f) to dismiss the petition-complaint insofar as asserted by Alexander Fusaro, Robert Sarducci, and Dennis A. Garetano for lack of standing is denied, the petition-complaint insofar as asserted by those petitioners-plaintiffs is reinstated, the hybrid proceeding and action insofar as asserted by the petitioners-plaintiffs Roy E. Bloodgood, Mary T. English, John D'Esposito, Richard H. Rankin, and Alliance for the Preservation of Huntington Harbor

is severed, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the petition-complaint insofar as asserted by the petitioners-plaintiffs Alexander Fusaro, Robert Sarducci, and Dennis A. Garetano on the merits.

In 2006 the Town Board of Town of Huntington introduced a resolution to amend Town Code § 198-27 to permit the use of "mixed use buildings" in the C-6 General Business District. Pursuant to the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA), the Town Board, as lead agency, classified the proposed amendment as a Type I action and determined that it did not include the potential for at least one significant adverse environmental impact. After a public hearing, the Town Board adopted its findings in a resolution dated April 25, 2006, entered a negative declaration, and enacted Local Law No. 14-2006. Several individual petitioners-plaintiffs and the Alliance for the Preservation of Huntington Harbor (hereinafter the Alliance) commenced this hybrid proceeding, inter alia, to review the determination adopting the resolution and to annul Local Law No. 14-2006 on the ground that the Town Board had failed to take the requisite "hard look" at the potential environmental impacts of Local Law No. 14-2006. The Town Board, the Town of Huntington, and the Building Department of Town of Huntington (hereinafter collectively the respondents) moved to dismiss the petition-complaint, inter alia, pursuant to CPLR 3211 and 7804 (f) on the ground that the petitioners-plaintiffs lacked standing. The Supreme Court, among other things, granted the respondents' motion and dismissed the hybrid proceeding and action.

On a motion to dismiss pursuant to CPLR 3211 and 7804 (f), the petition-complaint alone must be considered, and all of its allegations are deemed true and afforded the benefit of every favorable inference (*see Matter of Long Is. Contractors' Assn. v Town of Riverhead,* 17 AD3d 590, 594 [2005]; *Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 17 AD3d 474, 475 [2005]).

The Supreme Court erred in granting that branch of the respondents' motion which was to dismiss the petition-complaint insofar as asserted by Alexander Fusaro and Dennis Garetano for lack of standing. These petitioners-plaintiffs are owners of commercial property within the C-6 General Business District. "[W]here the challenge is to the SEQRA review undertaken as part of a zoning enactment, the owner of property that is the subject of the rezoning need not allege the likelihood of environmental harm" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687 [1996]; *see Matter of Har Enters.*

*v Town of Brookhaven,* 74 NY2d 524, 529 [1989]; *Patterson Materials Corp. v Town of Pawling,* 221 AD2d 608, 609 [1995]).

Likewise, the court erred in granting that branch of the respondents' motion which was to dismiss the petition-complaint insofar as asserted by Robert Sarducci for lack of standing. Given Sarducci's proximity to the C-6 General Business District—50 to 60 feet—and his allegations that Local Law No. 14-2006 will detrimentally impact the Town's sewage and wastewater systems, increase traffic, and negatively impact groundwater, he has the requisite standing to challenge the Town Board's SEQRA determination (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d at 687; *Matter of Long Is. Contractors' Assn. v Town of Riverhead,* 17 AD3d at 594; *Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush,* 16 AD3d 715, 718 [2005]; *Matter of McGrath v Town Bd. of Town of N. Greenbush,* 254 AD2d 614, 616 [1998]; *Matter of Duke & Benedict v Town of Southeast,* 253 AD2d 877, 878 [1998]; *Matter of Heritage Co. of Massena v Belanger,* 191 AD2d 790, 791 [1993]).

However, the Supreme Court correctly granted that branch of the respondents' motion which was to dismiss the petition-complaint insofar as asserted by the remaining individual petitioners-plaintiffs and the Alliance for lack of standing. Unlike Sarducci, the remaining individual petitioners-plaintiffs are not in close proximity to the C-6 General Business District (*see Matter of Powers v De Groodt,* 43 AD3d 509, 513 [2007]). Moreover, their allegations of environmental impact are in no way different from those of the public at large (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 778 [1991]; *Matter of Powers v De Groodt,* 43 AD3d at 513). Since the standing of the Alliance hinges on that of the petitioner-plaintiff John D'Esposito, who lacks personal standing, the hybrid proceeding and action insofar as asserted by it was properly dismissed (*see Society of Plastic Indus. v County of Suffolk,* 77 NY2d at 775; *Matter of Powers v De Groodt,* 43 AD3d at 513; *Matter of Empire State Rest. & Tavern Assn. v Rapoport,* 240 AD2d 576 [1997]). Santucci, J.P., Covello, Balkin and Belen, JJ., concur.