Peters, P.J.
Appeal from a judgment of the Supreme Court *1007 (Teresi, J.), entered October 4, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner’s application.
Petitioner, a not-for-profit corporation, commenced this CPLR article 78 proceeding challenging a determination by respondent Department of Environmental Conservation (hereinafter DEC) to accept the stormwater pollution prevention plan (hereinafter SPPP) submitted by respondents Wal-Mart Real Estate Business Trust and Wal-Mart Stores, Inc. (hereinafter collectively referred to as Wal-Mart) in connection with its proposal to construct a Wal-Mart Supercenter in the Town of Lockport, Niagara County. Supreme Court did not reach the merits of the petition, finding that petitioner lacked standing to maintain the proceeding. Petitioner now appeals, and we affirm.
“For an organization to have standing to bring a CPLR article 78 proceeding challenging administrative decision making, it must show that ‘one or more of its members would have standing to sue[,] . . . that the interests it asserts are germane to its purposes so as to satisfy the court that it is an appropriate representative of those interests . . . [and] that neither the asserted claim nor the appropriate relief requires the participation of the individual members’ ” (Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens, 95 AD3d 1420, 1421 [2012], lv denied 19 NY3d 811 [2012], quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775 [1991]). To establish standing, an individual must demonstrate an injury-in-fact that falls within the zone of interests protected by the pertinent statute (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 409-410 [2000]; Matter of Brunswick Smart Growth, Inc. v Town of Brunswick, 73 AD3d 1267, 1268 [2010]). Moreover, in matters involving land use development, it is incumbent upon the party challenging the administrative determination to show that he or she will “suffer direct harm, injury that is in some way different from that of the public at large” (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774; accord Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 304 [2009]; see Matter of VTR FV, LLC v Town of Guilderland, 101 AD3d 1532, 1533 [2012]).
Here, petitioner identified only one member of its organization, Joanne Woodhouse, in its attempt to establish standing. Woodhouse submitted an affidavit alleging that “[her] house is located within 900 feet of the [project site], 4 miles of the Tonawanda Creek, 1.5 miles of the Erie Canal, 14 miles of Lake *1008 [Ontario] and 22 miles of the Niagara River.” We agree with Supreme Court that the proximity of Woodhouse’s property to the proposed project does not, without more, give rise to a presumption that she would be adversely affected in a way different from the public at large (see e.g. Matter of Gallaban v Planning Bd. of City of Ithaca, 307 AD2d 684, 685 [2003], lv denied 1 NY3d 501 [2003]; Matter of Oates v Village of Watkins Glen, 290 AD2d 758, 760-761 [2002]; Matter of Buerger v Town of Grafton, 235 AD2d 984, 985 [1997], lv denied 89 NY2d 816 [1997]; Matter of Burns Pharm. of Rensselaer v Conley, 146 AD2d 842, 844 [1989]). Indeed, Woodhouse did not articulate any specific harm that she would suffer based on her proximity to the project, nor has petitioner submitted any proof establishing that DEC’s acceptance of the challenged SPPP will have any adverse environmental effects on the property of any of its members (see Matter of Oates v Village of Watkins Glen, 290 AD2d at 760-761).
Furthermore, petitioner has failed to demonstrate that the action will directly harm any of its members in their use and enjoyment of natural resources in some way different in kind or degree from that of the public at large (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 304; Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens, 95 AD3d at 1422). In this regard, the petition merely alleges, generally, that “[s]tormwater discharges from construction activity contribute to the increase of pollutants” in the Tonawanda Creek, the Erie Canal, Lake Ontario and the Niagara River. It does not allege that the specific SPPP at issue would threaten those identified water sources in any particular way. In any event, any claim of environmentally-related injury to these water bodies as a result of DEC’s acceptance of the SPPP is devoid of evidentiary support and far too speculative and conjectural to demonstrate a specific injury-in-fact (see Matter of Powers v De Groodt, 43 AD3d 509, 513 [2007]; Matter of New York Propane Gas Assn. v New York State Dept. of State, 17 AD3d 915, 916 [2005]).
Moreover, petitioner has not shown that any injuries that its members would suffer due to the alleged impacts to the water bodies would be different from that faced by the general public. Although petitioner alleges that its members use the water bodies for recreational purposes and as their potable water source, it does not allege, much less submit evidence, that any of its members do so any more frequently than any other person with physical access to those same resources. It is now settled that standing to assert a claim based upon an impact upon a natural *1009 or cultural resource “requir[es] a demonstration that a[n individual’s] use of a resource is more than that of the general public” (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 306). As these generalized allegations do not demonstrate an injury distinct from the general public in the area, they are insufficient to confer standing (see Matter of Citizens Emergency Comm. to Preserve Preserv. v Tierney, 70 AD3d 576, 576-577 [2010], lv denied 15 NY3d 710 [2010]; Matter of Powers v De Groodt, 43 AD3d at 513; Matter of Buerger v Town of Grafton, 235 AD2d at 985; Matter of Schulz v Warren County Bd. of Supervisors, 206 AD2d 672, 674 [1994], lv denied 85 NY2d 805 [1995]; Matter of Otsego 2000 v Planning Bd. of Town of Otsego, 171 AD2d 258, 260 [1991], lv denied 79 NY2d 753 [1992]; compare Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 305-306). Having failed to establish that any of its members has standing to maintain this proceeding, petitioner also lacks standing and Supreme Court therefore properly dismissed the petition.
Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. [Prior Case History: 2011 NY Slip Op 32572(U).]