■ In the Matter of EDWARD FREIDUS, Appellant, v ELINOR GUGGENHEIMER, as Commissioner of the Department of Consumer Affairs of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered October 8, 1976, denying the petition, in an article 78 proceeding, seeking to compel the respondent Commissioner of Consumer

Affairs to revoke the newsstand license of the respondent Prazenka, granting the respondent commissioner's cross motion for an order dismissing the petition for failure to state a cause of action and denying as academic petitioner's motion for an order directing disclosure, unanimously reversed, on the law, with $60 costs and disbursements to respondent-respondent, to deny the respondent's cross motion, and to reinstate the petition with leave to the petitioner to make appropriate requests for discovery. One Hulahan had his license to operate a corner newsstand revoked by the respondent commissioner for his failure to operate it eight hours a day as required by rule 4 of the Department of Consumer Affairs. According to his petition, the petitioner was issued a license to operate a newsstand at a nearby location after he had been assured that a license would not be issued for the former Hulahan location; that, nonetheless and after he had purchased and erected a modern newsstand, the department issued a license for respondent Prazenka for the Hulahan site. The petitioner then sought a departmental hearing to revoke the Prazenka license not only because he did not operate the stand eight hours a day but also, contrary to subdivision (d) of the department's rule 4, he held other full-time employment. When a hearing was refused, he commenced this article 78 proceeding. The relief granted by Special Term was based on the holding that mandamus would not lie "to compel an administrative official to perform a discretionary act (Matter of Community Action against Lead Poisoning v. Lyons, 43 A D 2d 201, affd. 36 N Y 2d 686)". The petitioner here is not seeking "a general course of official conduct or a long series of continuous acts" that has been proscribed by *Community Action against Lead Poisoning.* Mandamus will lie to enforce the one specific act sought here, the revocation of the Prazenka license for being in violation of the rules of the department *(Matter of Ciminera v Sahm,* 4 NY2d 400). While the revocation of Prazenka's license lies within the discretion of the respondent commissioner, it appears from the petitioner's pleadings that the respondent commissioner's present position is totally at odds with the action she took against Hulahan. Discretionary power is not absolute; it is subject to the limitation that it cannot be exercised arbitrarily *(Matter of Mandel v Board of Regents of Univ. of State of N. Y.,* 250 NY 173, 176, 177; 1 NY Jur, Administrative Law, § 80). Construed in the light most favorable to the petitioner *(Matter of Board of Educ. v Allen,* 32 AD2d 985), the petition states a cause of action. Concur—Lupiano, J. P., Birns, Lane and Lynch, JJ.