■ SEYMOUR G. SASLOW, Appellant, v DERRICK D. CEPHAS, as Chairman of the New York State Banking Board, et al., Respondents. [603 NYS2d 460] —Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 9, 1992, which, *inter alia,* granted the cross-motion pursuant to CPLR 3211 (a) (7) and 7804 (f) by respondents Derrick D. Cephas, Chairman of the New York State Banking Board, and by the individual members of the New York State Banking Board ("the Banking Board") to dismiss the CPLR article 78 petition, unanimously affirmed, without costs.

The IAS Court properly determined that the writ of mandamus sought to direct the Banking Board to regularly convene meetings to prescribe interest rates on mortgage escrow accounts under section 14-b of the Banking Law was unavailable to compel the performance by the Banking Board of that purely discretionary act, since it is well settled that the extraordinary remedy of mandamus will not issue to " ' "compel an act in respect to which the officer may exercise judgment or discretion" ' " *(Matter of Crain Communications v Hughes,* 74 NY2d 626, 628), but rather lies only where "the act sought to be compelled is ministerial, nondiscretionary and nonjudgmental, and is premised upon specific statutory authority mandating performance in a specified manner" *(Matter of Peirez v Caso,* 72 AD2d 797; *see also, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 96), and it may not be used to compel the officer to perform that statutory duty in any particular manner *(Klostermann v Cuomo,* 61 NY2d 525, 540).

We agree with the IAS Court that the Legislature, in enacting section 14-b of the Banking Law, did not impose any statutory duty upon the Banking Board to take any particular action with respect to the regulation of interest rates on mortgage escrow accounts, but rather, specifically vested the Banking Board with the sole discretion, in its judgment, to determine the appropriate rate of interest to be paid on mortgage escrow accounts as well as in determining if and when a meeting should be convened to prescribe the interest rates, by providing the Banking Board with the power "to prescribe, *from time to time but not more often than once in*

*every three month period* * * * a minimum rate of * * * interest" (§ 14-b [1]; emphasis added).

We also agree with the IAS Court that the Banking Board's admitted failure to convene any meetings regarding interest rates on mortgage escrow accounts since prior to the enactment of the enabling statute in 1974 (Banking Law § 14-b) was neither arbitrary and capricious nor an abuse of discretion, since, as noted, there was no statutory duty imposed upon the Banking Board to so act *(cf., Matter of County of Wyoming v Division of Criminal Justice Servs.,* 83 AD2d 25), and since the record reveals that the Banking Board imposed a two percent interest rate in accordance with General Obligations Law § 5-601 and obtained a detailed and analytical study performed by the office of the Deputy Superintendent of Banks concerning the issue of regulation of the interest rates on mortgage escrow accounts finding that the two percent return rate was then an appropriate compromise for both the borrowers and the lending institutions.

We have reviewed the petitioner's remaining claims and find them to be without merit.

In affirming, primarily based upon the inherent limitations of mandamus relief, we should not be understood as approving the apparent inaction of the Banking Board. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.