In the Matter of NEW YORK STATE PSYCHIATRIC ASSOCIATION, INC., et al., Appellants, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [814 NYS2d 382]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 1, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2002, the Legislature enacted Education Law article 163

recognizing the previously unregulated mental health professions of psychoanalyst, mental health counselor, marriage and family therapist, and creative arts therapist (*see* Education Law §§ 8401-8411). The statute became effective January 1, 2005. Petitioners, an association of psychiatrists and a confederation of groups that provide facilities for psychoanalytic education, commenced this proceeding challenging regulations promulgated by respondent Department of Education, effective February 3, 2005, that set forth licensure requirements for psychoanalysts (*see* 8 NYCRR 52.35, 79-12.1; *see also* Education Law § 8405). Supreme Court granted respondents' motion to dismiss the petition on the ground that petitioners lack standing to challenge the regulations, and petitioners now appeal.

We affirm. To establish standing, an associational or organizational group, such as petitioners, "must show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). Pursuant to the first requirement of the associational standing test, a petitioner must demonstrate an injury-in-fact to one or more of its members and that the injury falls "within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*id.* at 211; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Even accepting all of the allegations set forth in the petition as true and viewing the facts in the light most favorable to petitioners, we conclude that petitioners fail to meet that requirement here.

Petitioners assert that as representatives of practitioners of psychoanalysis, they "have an interest that psychoanalysts are trained properly so that they are qualified to practice psychoanalysis and do not engage in unprofessional or improper practice." They allege that the challenged regulations dilute the training necessary to be qualified as a psychoanalyst, resulting in detriment to the public and a loss of confidence in the profession of psychoanalysis. As respondents counter, however, interest and injury are not synonymous. In the absence of any evidence that the regulations will diminish the quality of psychoanalysis provided in New York or that the economic interests or professional reputations of petitioners' members will actually be harmed as a result of the regulations, the asserted injury "amounts to only 'tenuous' and 'ephemeral' harm, which is insufficient to trigger judicial intervention" (*Rudder v Pataki*, 93 NY2d 273, 279 [1999]; *see New York State Assn. of*

*Nurse Anesthetists v Novello, supra* at 213-214; *Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 269 AD2d 14, 17 [2000], *affd* 96 NY2d 512 [2001]; *cf. Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 334 [1984] [members of dentists' organization suffered economic harm as result of failure to update Medicaid fee reimbursement schedule]). In our view, petitioners' argument that the public will not be properly protected by the licensure requirements set forth in the regulations posits harm that is both speculative and no different from any injury that may be suffered by the public at large (*see Society of Plastics Indus. v County of Suffolk, supra* at 777-778).

Moreover, even if we were to conclude that petitioners have demonstrated an injury-in-fact, the alleged injury does not fall within the zone of interests sought to be protected by Education Law article 163. The Legislature, in enacting article 163, declared that "it is in the public interest to regulate and control the[ ] practice[ ] [of psychoanalysis] *in order to protect the public* from unprofessional, improper, unauthorized and unqualified practice of counseling and psychotherapy" (L 2002, ch 676, § 7 [emphasis added]; *see* Senate Mem in Support, 2002 McKinney's Session Laws of NY, at 2132). In short, the intended beneficiaries of the statute are mental health care patients, not the practitioners of psychoanalysis. Accordingly, petitioners' assertion that the regulations do not adequately protect the profession of psychoanalysis and their implicit claim that their members will suffer financial or competitive injury as a result do not fall within the statute's zone of interests as explicitly set forth by the Legislature (*see Rudder v Pataki, supra* at 279; *Matter of New York Propane Gas Assn. v New York State Dept. of State*, 17 AD3d 915, 917-918 [2005]; *Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, supra* at 16-17). Finally, contrary to petitioners' argument, no impenetrable barrier to judicial scrutiny of the regulations exists here (*see generally Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]); if any intended beneficiaries of the statute—recipients of psychoanalytic services—suffer concrete harm, those aggrieved individuals could challenge the governmental action at issue (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]).

Petitioners' remaining arguments are rendered academic by our decision.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.