■ In the Matter of RICHARD J. McALLAN, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [875 NYS2d 24]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 11, 2007, which granted respondents' cross motions to dismiss this CPLR article 78 proceeding due to petitioner's lack of standing, unanimously affirmed, without costs.

Petitioner retired in December 2004, having served with the New York City Fire Department as a paramedic. Two months later, the New York City Emergency Medical Advisory Committee voted to allow advanced life support first response units to be staffed with one paramedic and one emergency medical technician, instead of two paramedics. Petitioner brought this proceeding to challenge that staffing change.

To have standing to challenge a governmental action, a party "must show 'injury in fact,' " such that he "will actually be harmed by the challenged administrative action. As the term itself implies, the injury must be more than conjectural" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). Furthermore, "petitioners must show that they have suffered an injury . . . distinct from that of the general public" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). Petitioner's concern that the Health Department's determination might adversely affect him, as a citizen, if he requires an ambulance or a fire engine in the future, is too speculative. Moreover, he concedes that this is a concern he shares with millions of other New York City residents. Therefore, he has not suffered an injury "different in kind or degree from that suffered by the public at large" (*Matter of Parkland Ambulance Serv. v New York State Dept. of Health*, 261 AD2d 770, 772 [1999], *lv denied* 93 NY2d 818 [1999]).

Petitioner's reliance on Public Health Law § 3002-a (2-a) is of no avail. Assuming arguendo that this subdivision applies to judicial proceedings as well as to administrative appeals, petitioner was not adversely affected in his capacity as a paramedic because he retired before the effective date of the change (*see generally Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553 [2006]).

Petitioner did not contend in the nisi prius court that he should be granted public interest standing or that respondents had violated the State Administrative Procedure Act. We decline to consider these new arguments (*see e.g. Matter of Wallace v Environmental Control Bd. of City of N.Y. [Dept. of Consumer Affairs]*, 8 AD3d 78 [2004]; *Matter of Cocozzo v Ward*, 162 AD2d 202, 203 [1990]).

Petitioner lacks taxpayer standing under State Finance Law § 123-b because "the dispositive activity challenged" by him was a "nonfiscal determination" (*Kennedy v Novello*, 299 AD2d 605, 607 [2002], *lv denied* 99 NY2d 507 [2003]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.