■ In the Matter of CITIZENS EMERGENCY COMMITTEE TO PRESERVE PRESERVATION, Respondent, v ROBERT B. TIERNEY, Chair of the New York City Landmarks Preservation Commission, et al., Appellants. [896 NYS2d 41]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered November 21, 2008, which granted the petition challenging respondents' failure to take any action on certain requests for landmark designation and directed the promulgation of new procedures for expediting such requests, unanimously reversed, on the law, without costs, the petition denied and this CPLR article 78 proceeding dismissed.

To establish standing, an association or organization such as petitioner "must show that at least one of its members would have standing to sue" (*New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207, 211 [2004]). In other words, petitioner must show that one or more of its members—as distinct from the general public—has suffered an injury in fact, and must demonstrate that the injury falls within the zone of interests protected by the legal authority being invoked (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 771-774 [1991]). In environmental or preservation matters, standing may be established by proof that agency action will directly harm the petitioner's members in their use or enjoyment of the natural resources or area in question (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany,* 13 NY3d 297 [2009]; *Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y.,* 259 AD2d 26, 32 [1999]).

Petitioner failed to demonstrate standing to sue. While the petition alleges that its members are dedicated to preservation, "interest" and "injury" are not synonymous (*see Matter of New York State Psychiatric Assn., Inc. v Mills,* 29 AD3d 1058, 1059 [2006], *lv denied* 7 NY3d 708 [2006]). A general—or even special—interest in the subject matter is insufficient to confer standing, absent an injury distinct from the public in the particular circumstances of the case (*see Save the Pine Bush,* 13 NY3d at 305-306; *Matter of Heritage Coalition v City of Ithaca Planning & Dev. Bd.,* 228 AD2d 862, 864 [1996], *lv denied* 88 NY2d

809 [1996]). The petition does not allege that petitioner's members have been affected differently from any other members of the public. To the contrary, it alleges that petitioner's members and members of the public are similarly affected by the Commission's action.

Even were we to find that petitioner has standing, the court erred in granting mandamus, as there is no statutory requirement that the Commission adhere to a particular procedure in determining whether to consider a property for designation (*see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *Saslow v Cephas*, 198 AD2d 53 [1993], *lv denied* 83 NY2d 757 [1994]). Indeed, the Commission's regulations on "Calendaring" provide that the Commission "*may*, upon the adoption of a motion, calendar an item to be considered for landmark designation" (63 RCNY 1-02 [emphasis added]). We have previously rejected claims similar to that made here, recognizing the Commission's broad discretion in controlling its calendar without the necessity of creating a public record in that respect (*see Matter of Landmark West! v Burden*, 15 AD3d 308, 309 [2005], *lv denied* 5 NY3d 713 [2005]). Contrary to Supreme Court's finding, respondents have articulated reasonable bases for the Commission's handling of the specific properties and districts cited in the petition, with an explanation for delays in the designation process. Accordingly, the court erred in holding the Commission's conduct arbitrary and capricious with respect to five of the properties (*see generally Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 44 [1993]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.