■ LINDEN AIRPORT MANAGEMENT CORPORATION et al., Appellants, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPPRATION et al., Respondents. [896 NYS2d 344]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered April 22, 2009, which dismissed the petition brought pursuant to CPLR article 78 seeking to vacate and annul the decision of respondent City of

New York to award a concession to operate a city-owned Heliport to FirstFlight, Inc., a competing proposer, and denied petitioners' application to conduct discovery as moot, unanimously affirmed, without costs.

In reviewing the City's decision to award a concession, the standard is whether the decision "was arbitrary and capricious, lacked a rational basis, or was otherwise dishonest or unlawful" (*see Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp.*, 36 AD3d 234, 244 [2006], *lv denied* 8 NY3d 827 [2007]; CPLR 7803 [3]). "Where the judgment of an agency involves factual evaluations in the area of that agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (*Awl Indus., Inc. v Triborough Bridge & Tunnel Auth.*, 41 AD3d 141, 142 [2007]). The record establishes that the municipal respondents complied with Rules of City of New York Franchise and Concession Review Committee (12 RCNY) § 1-01 *et seq.* in issuing a request for proposals and evaluating the proposals received from five responders. The record before the Commissioner of the Department of Small Business Services, including the detailed rating sheets and the memoranda prepared by the Selection Committee composed of executives of the New York City Economic Development Corporation (hereinafter EDC), provides a rational basis for concluding that FirstFlight offered the best proposal, and that Linden's proposal was deficient in significant respects. In the EDC's view, FirstFlight made an excellent fee offer, had relevant experience, and presented a detailed plan for capital improvement of the heliport. Furthermore, the EDC determined that Linden failed to satisfy the Committee's concerns about the financial capacity of the entity that would be formed to operate the heliport or the composition of its operational team.

Petitioners' allegations that confidential information concerning the heliport was improperly provided to an executive of FirstFlight before the request for proposals was issued were based only on hearsay, and are refuted by sworn affidavits and evidentiary proof (*see Matter of IMSG Sys. v City of New York*, 170 AD2d 261 [1991]; CPLR 7804 [h]). Thus they failed to meet their "burden to demonstrate 'actual' impropriety, unfair dealing or some other violation of statutory requirements" in the award of the concession (*see Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 55 [1997]).

Under the circumstances, including that petitioners already had sought extensive disclosure through Freedom of Informa-

tion Law requests, the court did not abuse its "considerable discretion" in denying the petitioners' application for discovery from parties and nonparties (*Matter of L&M Bus Corp. v New York City Dept. of Educ.*, 71 AD3d 127, 136 [2009]; *Stapleton Studios v City of New York*, 7 AD3d 273 [2004]). Concur—Tom, J.P., Sweeny, Catterson, Moskowitz and DeGrasse, JJ.