OPINION OF THE COURT
Saliann Scarpulla, J.
This CPLR article 78 proceeding concerns whether the courts of the State of New York may, at the behest of a New York citizen, require a government agency to take disciplinary action against a New York licensed professional who engages in activities on behalf of the United States military. Petitioner Steven Reisner is a psychologist licensed to practice in the State of New York. On July 7, 2010 Reisner filed a complaint with the State Education Department, Office of Professional Discipline, against nonparty Dr. John Leso.
Leso, also a psychologist licensed to practice in the State of New York, was, in 2002, a Major in the United States Army. As alleged in Reisner’s petition, between June of 2002 and January of 2003, Leso was a member of the Behavioral Science Consultation Team (the BSCT). The BSCT was charged with supporting interrogation operations conducted by the United States military on individuals detained at the Guantanamo Bay Naval Base in Cuba.
In his complaint, Reisner alleged that Leso used his expertise in the field of psychology to harm the health of detainees at *661 Guantanamo Bay. Reisner also accused Leso of using his training in psychology to exploit the weaknesses of detainees in a systematic fashion and of recommending that United States military personnel use a series of increasingly abusive interrogation techniques designed to degrade, dehumanize, and disrupt the cognitive function of detainees for the purpose of punishing them and modifying their behavior. Reisner demanded that Leso be investigated by the Office of Professional Discipline (OPD) for this conduct and disciplined.
By letter dated July 28, 2010, Louis S. Catone, Director of the Office of Professional Discipline, responded to Reisner’s complaint. Catone wrote that the Office of Professional Discipline had “no legal basis for instituting an investigation into Dr. Leso’s activities while in the military service of the United States.” Catone asserted that there was no basis to investigate Leso because the complained-of activities did not constitute the practice of psychology as defined under New York State law. That is, because Leso did not render his services to the United States military as part of a therapist-patient relationship, his actions taken on behalf of the United States military were not subject to state ethical restraints. Catone concluded his letter by stating:
“I appreciate that there is considerable difference of opinion among reasonable people as to whether some of the interrogation techniques utilized on detainees at Guantanamo Bay were appropriate. But it is not within this Office’s purview to express an opinion on that issue . . . Short of [a conviction of Leso for committing a crime] there is no basis for this Office to open an investigation into the conduct alleged by you.”
By letter dated August 26, 2010, Reisner’s attorneys asked the OPD to reconsider its decision not to open an investigation into Leso’s conduct. The OPD did not respond to the August 26, 2010 letter, effectively adhering to its decision not to investigate Leso’s alleged conduct while he was in the United States military and at Guantanamo Bay.
On November 25, 2010, Reisner filed this article 78 petition challenging the OPD’s refusal to investigate and discipline Leso. In his petition, Reisner alleges that by declining to investigate and discipline Leso, the OPD has failed to perform its duty required by law, has reached a judgment affected by an error of law, and has acted in an arbitrary and capricious manner.
*662 The respondents cross-move to dismiss the petition, arguing that Reisner lacks standing to sue for the relief demanded in the petition, because Reisner has not alleged a sufficient injury-in-fact, and does not have “public interest” standing. Respondents also argue that the petition fails to state a cause of action for mandamus relief, because the OPD’s decision whether to investigate and discipline a licensed psychologist is discretionary, not ministerial and because Reisner does not have a clear legal right to demand that Leso be investigated.
Discussion
Before reviewing the merits of the petition, this court must determine whether Reisner has standing to bring this article 78 proceeding. (See New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004].) Standing is a “threshold issue.” (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003].) Standing is critical because a court “has no inherent power to right a wrong unless thereby the civil, property or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected.” (Society of Plastics Indus, v County of Suffolk, 77 NY2d 761, 772 [1991] [internal quotation marks omitted].)
Standing under Established Precedent
New York has adopted a two-part inquiry for determining whether a party has standing to challenge a governmental action. (See Roberts v Health & Hosps. Corp., 86 AD3d 311, 318 [1st Dept 2011], citing New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211.) The petitioner must show (1) an “injury-in-fact” and (2) that the alleged injury falls within “ ‘the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted.’ ” (Roberts v Health & Hosps. Corp., 86 AD3d at 318, quoting New York State Assn. of Nurse Anesthetists, 2 NY3d at 211.)
To have suffered an “injury-in-fact,” the petitioner must show that petitioner will actually be harmed by the challenged administrative action, that is, that the injury is more than conjectural. (New York State Assn. of Nurse Anesthetists at 211; see also Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773.) It is “special damage, different in kind and degree from the community generally.” (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413 [1987]; Society of Plastics Indus., 77 NY2d at 775 n 1.) Thus, the alleged injury must be “personal to the party.” (Roberts v Health & Hosps. Corp., 86 AD3d at 318.)
*663 Reisner argues that he suffered, an injury-in-fact because the OPD deprived him of his alleged “statutory right to have his complaint of professional misconduct investigated.” Specifically, Reisner argues that pursuant to the New York Education Law, Reisner is guaranteed the right to have any complaint he makes of professional misconduct against a licensed psychologist investigated by the OPD.[1] Reisner concludes that because the OPD denied his statutory right to have his complaint investigated, he, personally, has been injured.
Despite Reisner’s argument, the court finds that nothing in the New York Education Law guarantees a right to each and every person that the OPD formally investigate every single complaint of professional misconduct, no matter the contents or applicability of the complaint. The fact that pursuant to Education Law § 6510 “any person” is permitted to file a complaint against a psychologist, does not by itself grant every person a right to have the complaint investigated. As Reisner does not have an immutable, inalienable right to have his complaint investigated, he has not suffered an “injury-in-fact” by the OPD’s decision not to investigate Leso.
In strikingly similar cases, the New York courts have held that one filing a complaint against a professional with an administrative agency regulating the profession does not have individual standing to challenge that agency’s decision not to open an investigation into the complaint. (See Sassower v Commission on Jud. Conduct of State of N.Y., 289 AD2d 119 [1st Dept 2001], lv denied 99 NY2d 504 [2002]; see also Matter of Morrow v Cahill, 278 AD2d 123 [1st Dept 2000] [an attorney’s former client did not have standing to require the disciplinary committee to open an investigation into the attorney’s conduct]; Mantell v New York State Commn. on Jud. Conduct, 277 AD2d 96 [1st Dept 2000], lv denied 96 NY2d 706 [2001] [denying an attorney standing to bring an article 78 petition for mandamus to require Commission on Judicial Conduct to open an investigation into a facially meritorious complaint].)
Reisner argues that these New York cases are inapplicable because here, unlike the cases cited above, the OPD has misconstrued the breadth of its own authority and the mandatory requirements of the Education Law. The court disagrees. *664 There is nothing in the Education Law itself to indicate that the New York Legislature intended any and every individual to have an unfettered, statutory right to have every single complaint of professional misconduct investigated, particularly in those cases where the OPD determines that the complaint does not involve the practice of psychology. Nor is there any indication that the Legislature intended to confer standing on any person who is dissatisfied with the actions (or inactions) of the OPD in investigating complaints.
Further, Reisner has failed to allege that “injury” he suffered as a result of the OPD’s decision not to investigate Leso is personal to him, i.e., different in kind from the injury suffered by the New York community at large. As a New York licensed psychologist, Reisner may have a personal interest in preserving the reputation of the practice of psychology and in exposing what Reisner believes are inappropriate activities of the United States military and its personnel. However, this general interest alone does not confer standing where, as here, Reisner does not allege an injury distinct from that suffered by the New York public at large. (See Matter of Citizens Emergency Comm. to Preserve Preserv. v Tierney, 70 AD3d 576, 576 [1st Dept 2010] [finding that “interest” and “injury” are not synonymous for the purposes of conferring standing]; Matter of New York State Psychiatric Assn., Inc. v Mills, 29 AD3d 1058, 1060 [3d Dept 2006] [psychiatric association’s argument that newly adopted license requirements would result in a loss of confidence in the profession was “no different from any injury . . . suffered by the public at large”].)
Nowhere in his petition has Reisner alleged a concrete injury that he personally suffered as a result of Leso’s not being investigated. Reisner’s claim, first advanced at oral argument on the petition, that the value of his license is diminished by the inaction of the OPD, is so speculative and immeasurable that it is not a cognizable injury-in-fact. (See Matter of MFY Legal Servs, v Dudley, 67 NY2d 706, 708 [1986]; Matter of McAllan v New York State Dept. of Health, 60 AD3d 464, 464 [1st Dept 2009]; see also Matter of New York State Psychiatric Assn., Inc. v Mills, 29 AD3d at 1059-1060 [3d Dept 2006].)[2]
*665 Also, Reisner has not shown that his alleged injury is in the “zone of interests” sought to be protected under the Education Law. The “zone of interests” test requires that the petitioner show that the injury-in-fact falls within the zone of interests sought to be promoted or protected by the statutory provision under which the agency has acted. (Society of Plastics Indus., 77 NY2d at 773.) It ties the injury asserted by the petitioner to the governmental act challenged, and thus limits the universe of persons who may challenge an administrative action. (Id.) The requirement that a petitioner’s injury fall within the concerns of the statute ensures that a group or individual “whose interests are only marginally related to, or even inconsistent with, the purposes of the statute cannot use the courts to further their own purposes at the expense of the statutory purposes.” (Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 587 [1998], quoting Society of Plastics Indus., 77 NY2d at 774.)
Reisner’s interest in having his complaint investigated as means of safeguarding the value of his own license falls outside of the zone of interests sought to be furthered by Education Law § 6510. The institution of licensing requirements and practice standards for psychologists is premised on protecting the welfare of patients seeking professional help. The purpose of the Education Law is not to safeguard the value and prestige of each individual psychologist’s license. (See Matter of Sheehan v Arnbach, 136 AD2d 25, 28 [3d Dept 1988] [holding that licensed physical therapists do not have a cognizable interest in challenging the guidelines governing the practice of occupational therapists, because protection from the economic impact of competition was not within the purview of the Department of Education laws and regulations].)
Standing under the “Public Interest” Doctrine
Reisner also argues that he has standing under the public interest doctrine, as described in Matter of Hebei v West (25 *666 AD3d 172 [3d Dept 2005]). In Hebei, a New Paltz resident, who was also a village board member, brought a petition challenging the New Paltz mayor’s solemnization of same-sex marriages despite lack of proper marriage licenses, in violation of the Domestic Relations Law. The Third Department held that the resident had sufficient standing to sue to enjoin the mayor, even though not articulating particularized injury-in-fact, because the New Paltz mayor’s violation of the Domestic Relations Law was a matter of “great public interest,” and “his actions, if allowed to continue, would have the potential result of permitting a part-time local official to effectively amend the marriage laws of this state with input from neither the Legislature nor the courts.” {Hebel, 25 AD3d at 176.) The Third Department also explained that standing based upon “public interest” should be narrowly applied, to cases where there is “unprecedented action by a local official.” {Id.)[3] ****8 Reisner argues that the regulation of the profession of psychology is a matter of sufficiently significant public interest to confer standing upon him.
In Hebei, the Third Department made clear that its holding was based solely on the extraordinary facts before it, and that it was not usurping the established two-part standing analysis consistently articulated by the Court of Appeals. This court acknowledges that there are a narrow class of well-established, clear legal mandates, a public official’s contravention of which permits all affected individuals and entities to seek article 78 mandamus relief. Here, however, the OPD’s determination that Leso’s alleged involvement in the United States military’s interrogation of suspected terrorists did not constitute the practice of psychology is not within that narrow class of well-established, clear legal mandates.
For the reasons set forth above, the court finds that petitioner Steven Reisner does not have standing to prosecute this article 78 proceeding. Accordingly, the court grants respondents’ cross motion and dismisses the petition.

. Reisner cites Education Law § 6510 (1), which states in relevant part that “any person” may make a complaint and that “[t]he department shall investigate each complaint which alleges conduct constituting professional misconduct.”

. Reisner cites Matter of Freidus v Guggenheimer (57 AD2d 760 [1st Dept 1977]) to show that while New York courts have denied standing to many individuals challenging government agencies not to investigate and/or revoke licenses, there are exceptions. Reisner argues that, in Freidus, the petitioner *665 was found to have standing to challenge the Department of Consumer Affairs decision not to hold a disciplinary hearing on one newsstand licensee’s complaint against a competitor, where the competitor had been engaged in the same conduct that had caused the complainant to have his license revoked. (Freidus, 57 AD2d at 761.)
Freidus is inapposite, because the First Department never addressed the issue of standing. In addition, the complainant in Matter of Freidus had suffered substantial, cognizable injury, the loss of his license, for engaging in the same activities of which the competitor was accused. Here, Reisner has not alleged or demonstrated that his personal ability to practice psychology is threatened in any cognizable way by the action, or inaction, of OPD or Leso.

. (See also Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD3d 337, 342 [4th Dept 1976] [Fourth Department stated that “(s)tanding has been granted absent personal aggrievement where the matter is one of general public interest,” although finding that petitioner’s inability to participate in a competitive bidding process was a sufficient particularized injury to confer standing].)