Matter of Tribeca Trust, Inc. v City of New York (2019 NY Slip Op 01715)





Matter of Tribeca Trust, Inc. v City of New York


2019 NY Slip Op 01715


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


8665 158483/16

[*1]In re Tribeca Trust, Inc., et al., Petitioners-Appellants,
v
City of New York, et al., Respondents-Respondents.


Law Offices of Alison Greenberg, LLC, New York (Alison G. Greenberg of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondents.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered December 20, 2017, denying the petition to annul respondents' determination, dated June 7, 2016, which denied petitioners' request to calendar for formal consideration a Request for Evaluation (RFE) proposing extensions of the borders of three designated historic districts in the Tribeca area and to remand for the promulgation of new review procedures for such requests, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly dismissed the petition to compel the adoption of written procedures for the review and calendaring of RFEs on the ground that "there is no statutory requirement that the Commission adhere to a particular procedure in determining whether to consider a property for designation" (Matter of Citizens Emergency Comm. to Preserve Preserv. v Tierney, 70 AD3d 576, 577 [1st Dept 2010], lv denied 15 NY3d 710 [2010]). The calendaring of an RFE by the Commission and/or the chair is a discretionary action based on procedures determined by the Commission; thus, mandamus to compel the Commission to promulgate new procedures is not an available remedy (see Matter of Williamsburg Ind. People, Inc. v Tierney, 91 AD3d 538 [1st Dept 2012]; Matter of Deane v City of New York Dept of Bldgs., 177 Misc 2d 687, 694-695 [Sup Ct, NY County 1998]). Nor is there merit in petitioners' contention that the procedures followed by respondents in connection with petitioners' RFE and their determination on the RFE were arbitrary and capricious.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK